# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0496V

|  |  |
|---|---|
| HOLLY YOUNG,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2025 |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On April 23, 2020, Holly Young[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on October 4, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it mus//*/t be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Ms. Young filed this claim using her married name, but reverted to her maiden name after obtaining a divorce. On August 28, 2021, I amended the caption accordingly. ECF No. 34.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

After Respondent conceded entitlement, the parties were unable to resolve damages on their own,[4] so I ordered briefing on that matter. On October 6, I issued a Ruling on Damages, finding Petitioner entitled to $200,000.00 past pain and suffering; $1,000.00 per year for future pain and suffering – equating to a net present value of $19,330.86; $264,570.00 for future lost wages; $3,477.07 for past and an amount sufficient to purchase an annuity to cover the described future expenses. ECF No. 74. On November 3, 2025, Respondent filed the attached Joint Status Report, and accompanying Tab A, providing more detailed calculations, including $6,919.39 for the first-year future expenses and describing the annuity in greater detail. ECF No. 75. In the Joint Status Report, Respondent represented that Petitioner "does not object to the representations made herein." *Id.* at 1. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Ruling on Damages and Joint Status Report (including Tab A).

Pursuant to the terms stated in the attached Joint Status Report, **Petitioner is awarded the following:**

A. **A lump sum payment of $494,297.32**, representing $200,000.00 for actual pain and suffering; $19,330.86 for projected pain and suffering; $264,570.00 for projected lost wages; $3,477.07 for actual expenses; and $6,919.39 for first-year projected expenses; to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and

B. **An amount sufficient to purchase the annuity contract described in the attached Joint Status Report (including Tab A).**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Although I authorized the parties to retain economists and life care planners, they were unable to reach an agreement related to the appropriate amount of damages in this case. On January 17, 2023, I ordered additional briefing.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HOLLY YOUNG,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 20-496V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S JOINT STATUS REPORT REGARDING COMPENSATION TO BE AWARDED AND FORM OF AWARD

In the Chief Special Master's October 6, 2025 Ruling on Damages, the Chief Special Master directed the parties to "file a joint status report updating [him] on their efforts to finalize the award in this case by no later than Thursday, November 06, 2025." ECF No. 74, at 17. Respondent submits this Joint Status Report providing the Chief Special Master with a statement of all damages, including those that the parties have agreed upon, as well as those decided by the Chief Special Master, in the manner that the parties agree contains the information needed for the Chief Special Master's Ruling on Damages.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's Ruling on Damages, respondent submits the following Joint Status Report regarding damages. Petitioner's counsel has reviewed this Joint Status Report and does not object to the representations made herein.

I.   **Items of Compensation**

    A.   <u>Life Care Items</u>

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioner engaged Staci L. Schonbrun, Ph.D., CRC, CDMS, CCM, CLCP, to provide an estimation of Holly Young's future vaccine-injury-related needs. Life care plans were filed in this case. ECF Nos. 58, 66. Agreed-upon life care items, as well as life care items delineated as awarded by the Chief Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for Holly Young," attached to this Joint Status Report as Tab A.[1]

    B.   <u>Future Lost Earnings</u>

The parties agreed that based upon the evidence of record, Holly Young will suffer a future loss of earnings under the Vaccine Act. 42 U.S.C. § 300aa-15(a)(3)(A). However, the parties did not agree on an amount of future lost earnings to be awarded. On October 6, 2025,

---

[1] The chart at Tab A illustrates the parties' agreed-upon annual amounts for life care items and, pursuant to the Chief Special Master's October 6, 2025 Ruling on Damages (ECF No. 74), includes the Chief Special Master's award of the following life care items: Medicare Part B Deductible, from compensation year 2028 through the remainder of petitioner's life; Physical Therapy, from compensation year 2025 through the remainder of petitioner's life; Psychotherapy, from compensation year 2025 through the remainder of petitioner's life; Shoulder Ice Sleeve, from compensation year 2025 through the remainder of petitioner's life; Adjustable Bed, from compensation year 2025 through the remainder of petitioner's life; Grab Bars, once in compensation year 2025; Bathroom Chair, from compensation year 2025 through the remainder of petitioner's life; Handheld Shower, from compensation year 2025 through the remainder of petitioner's life; Tylenol OTC, from compensation year 2025 through the remainder of petitioner's life; Pain Management, from compensation year 2025 through the remainder of petitioner's life; Physical Therapy Mileage, from compensation year 2025 through the remainder of petitioner's life; Psychotherapy Mileage, from compensation year 2025 through the remainder of petitioner's life; Pain Management Mileage, from compensation year 2025 through the remainder of petitioner's life. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

the Chief Special Master awarded petitioner "$264,570.00 for her future lost wages." ECF No. 74 at 13.

    C.    <u>Pain and Suffering</u>

The parties agreed that based upon the evidence of record, Holly Young is entitled to an award for actual and projected pain and suffering under the Vaccine Act. However, the parties did not agree on an amount of pain and suffering to be awarded. On October 6, 2025, the Chief Special Master awarded petitioner compensation for actual pain and suffering of $200,000.00 and projected pain and suffering of "$1,000.00 per year for future pain and suffering," which results in an award of $219,330.86, which amount reflects that the award for projected pain and suffering has been reduced to net present value. ECF No. 74 at 2, 17; *see* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    Past Unreimbursable Expenses

The parties agreed that based upon the evidence of record, petitioner has incurred past unreimbursable expenses related to her vaccine-related injury. However, the parties did not agree on an amount of past unreimbursable expenses to be awarded. On October 6, 2025, the Chief Special Master awarded petitioner an amount of $3,477.07 for past unreimbursable expenses. ECF No. 74 at 2, 17.

**II.**    **Form of the Award**

The parties request that the compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below, and

request that the Chief Special Master's Decision on Damages and the Court's judgment award the following:[2]

    A. A lump sum payment of $494,297.32, representing compensation for life care expenses, including those items awarded by the Chief Special Master referenced in footnote one, expected to be incurred during the first year after judgment ($6,919.39), lost earnings ($264,570.00), pain and suffering ($219,330.86), and past unreimbursable expenses ($3,477.07) in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Holly Young.

    B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company,[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Holly Young, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.        Growth Rate

The parties agree that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

    2.        Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Holly Young, is alive at the time that a particular payment is due.

---

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Holly Young's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Payments Following Judgment</u>**

A.    Lump sum paid to petitioner, Holly Young:    **$494,297.32**

B.    An amount sufficient to purchase the annuity contract described above in section II. B.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    JULIA M. COLLISON
    Assistant Director
    Torts Branch, Civil Division

    <u>s/ *Sarah C. Duncan*</u>
    SARAH C. DUNCAN
    Senior Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C. 20044-0146
    Tel: (202) 514-9729
    Email:  sarah.c.duncan@usdoj.gov

DATED:  November 3, 2025

**Appendix A: Items of Compensation for Holly Young**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2025 | Compensation Year 2<br>2026 | Compensation Year 3<br>2027 | Compensation Years 4-Life<br>2028-Life |
|---|---|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | | | | | | 226.00 |
| Physical Therapy | 4% | * | M | 600.00 | 600.00 | 600.00 | 720.00 |
| Psychotherapy | 4% | * | M | 300.00 | 300.00 | 300.00 | 432.00 |
| Shoulder Ice Sleeve | 4% | | | 41.72 | 41.72 | 41.72 | 41.72 |
| Adjustable Bed | 4% | | | 1,403.00 | 140.30 | 140.30 | 140.30 |
| Jar Openers | 4% | | | 15.99 | | | |
| Grab Bars | 4% | | | 200.00 | | | |
| Bathroom Chair | 4% | | | 160.00 | 80.00 | 80.00 | 80.00 |
| Handheld Shower | 4% | | | 110.00 | 11.00 | 11.00 | 11.00 |
| Tylenol OTC | 4% | | | 143.88 | 143.88 | 143.88 | 143.88 |
| Pain Management | 4% | * | | 50.00 | 50.00 | 50.00 | 90.00 |
| Mileage: Physical Therapy | 4% | | M | 2,402.40 | 2,402.40 | 2,402.40 | 2,402.40 |
| Mileage: Psychotherapy | 4% | | M | 1,268.40 | 1,268.40 | 1,268.40 | 1,268.40 |
| Mileage: Pain Management | 4% | | | 224.00 | 224.00 | 224.00 | 224.00 |
| Future Lost Earnings | | | | 264,570.00 | | | |
| Pain and Suffering | | | | 219,330.86 | | | |
| Past Unreimbursable Expenses | | | | 3,477.07 | | | |
| Annual Totals | | | | 494,297.32 | 5,261.70 | 5,261.70 | 5,779.70 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($6,919.39), future lost earnings ($264,570.00), pain and suffering ($219,330.86), and past unreimbursable expenses ($3,477.07): $494,297.32.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.